SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel for Proposed Special Litigation Counsel
Monteleone & McCrory LLP for Modtech Holdings, Inc.,
Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Bk. No. 6:08-bk-24324-TD |
| MODTECH HOLDINGS, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | DECLARATION RE: SUBMISSION OF AMENDED ORDER CONTAINING TECHNICAL AND CORRECTING AMENDMENTS |
| | No Hearing Required |
| | Local Bankruptcy Rule 9013-1(o) |

**DECLARATION OF SCOTT C. CLARKSON CONCERNING AMENDED ORDER**

I am Counsel for Proposed Special Litigation Counsel Monteleone & McCrory LLP("M&M") for Modtech Holdings, Inc., Chapter 11 Debtor and Debtor in Possession ("Debtor") and hereby declare as follows:

1. On January 23, 2009, I caused to be filed a Notice of Motion and Motion entitled "Application by Modtech Holdings, Inc. for Authority to Employ Monteleone & McCrory LLP as Special Litigation Counsel" (the "Application") pursuant to Local Bankruptcy Rule 9013-1(o) concerning four litigation matters in which the Debtor is a party. No formal objections were made to the Application. Thereafter, a Stipulation was entered into among the Debtor, M&M, the

Secured Creditor Laurus, and Liberty Mutual Insurance Company, which finalized the employment agreements for three of the four litigation matters addressed in the Application.

2. I thereafter drafted the Order approving the Motion and Stipulation, which was entered on March 16, 2009 (the "Entered Order"); however, within the Entered Order I inadvertently included the litigation matter know as "Porter/Kennedy" into the description of the contingency fee compensation arrangement. This was an error since the "Porter/Kennedy" matter was not addressed in the Stipulation.

3. I also failed to add a section "4" to the Entered Order describing the compensation arrangement for the litigation matter known as "Heritage", which should have been included in the text of the Entered Order.

4. Attached hereto as **Exhibit "A"** is a redline comparison of the proposed Amended Order which is being submitted to the Court contemporaneously with this Declaration. This redline comparison sets forth the minor changes between the Entered Order and the proposed Amended Order which correctly reflects the agreed-upon Stipulation among the parties to the Stipulation.

5. I respectfully request that the Court vacate the Order entered on March 16, 2009 and replace that Order with the proposed Amended Order that is attached hereto as **Exhibit "B"** which is being uploaded contemporaneously with this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at Torrance, California on March 19, 2009.

Scott C. Clarkson

# EXHIBIT "A"

SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel for Proposed Special Litigation Counsel
Monteleone & McCrory LLP for Modtech Holdings, Inc.,
Chapter 11 Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Bk. No. 6:08-bk-24324-TD |
| Modtech Holdings, Inc., | Chapter 11 |
| Debtor and Debtor in Possession. | [REDLINED] AMENDED ORDER APPROVING APPLICATION TO EMPLOY MONTELEONE & MCCRORY LLP AS SPECIAL LITIGATION COUNSEL FOR MODTECH HOLDINGS, INC. |
| | No Hearing Required<br>Local Bankruptcy Rule 9013-1(o) |

The Application filed on behalf of Modtech Holdings, Inc. Chapter 11 Debtor and Debtor in Possession (the "Debtor") for Authority to Employ Monteleone & McCrory LLP, pursuant to 11 U.S.C. §328, as Special Litigation Counsel (the "Application") in the above-captioned case was filed on January 23, 2009 in accordance with Local Bankruptcy Rule 9013-1(o), requesting that the Application be considered without a hearing.

By the Application, the Debtor requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the employment of Monteleone & McCrory LLP ("M&M") as Special Litigation Counsel pursuant to the Stipulation which is attached as **Exhibit "C"** to the Declaration of No-Opposition to the Application of Scott C. Clarkson (the "Clarkson

1  Declaration of No-Opposition"). M&M has also clarified that the employment is sought
2  pursuant to 11 U.S.C. §328 and not §330.
3      The filed Declaration of Scott C. Clarkson attests that neither a response nor a request for
4  hearing on the Motion has been filed or served on or before fifteen (15) days following service of
5  the Application, but that informal negotiations and settlement have occurred altering the scope of
6  M&M's representation of the estate and the compensation structure. The scope of representation
7  and compensation structure, as modified, is set forth in the Stipulation that has been agreed to
8  and executed by the Debtor, M&M, Laurus Master Fund, Ltd, and Liberty Mutual Insurance
9  Company.
10      Having reviewed the Application the Stipulation, and finding that no response or hearing
11  has been requested within fifteen (15) days of service of the Application, that the Stipulation sets
12  forth the agreed-to scope and compensation of M&M, that no hearing is required, and for good
13  cause shown, the Application is **APPROVED** under the following terms and conditions:
14      1)    M&M is employed pursuant to 11 U.S.C. §328.
15      2)    With respect to the litigation matters identified in the Application and Stipulation
16  as the ~~"Porter/Kennedy" and~~ " JT Plastering" litigation~~s~~, M&M is authorized to serve as Special
17  Litigation Counsel to the Debtor under the following terms and conditions. M&M shall represent
18  the Estate on a contingency fee basis and shall advance reasonably necessary costs required for
19  that purpose. From any proceeds of ~~each~~ **the** litigation, M&M will first be reimbursed for its
20  costs and disbursements and will then receive as its contingent fee, one-third of the remaining
21  proceeds with the balance being remitted to the Estate, without the necessity of filing a fee
22  application. Except as to the contingency fee, the Estate will only be responsible for paying costs
23  and expenses advanced and incurred in handling of the matter, including (but not limited to)
24  filing fees, transcript and court reporter's fees, messenger and other delivery fees, process service
25  fees, jury fees, witness fees, investigator's fees, expert's or consultant's fees, photocopies, travel
26  costs, fax charges, computer-assisted legal research charges, and other similar items, to the extent
27  monies are recovered by way of settlement or adjudication from the actions for which it has been
28

Order to Approve Application to Employee Special Counsel
2

retained as special counsel.

3) With respect to the litigation matter identified in the Application and Stipulation as the "Campbell" litigation, M&M shall be engaged by the Estate to provide all legal services reasonably required to represent it in connection with that litigation. Liberty Mutual Insurance Company ("Liberty"), as Modtech's bonding company, has agreed to pay M&M's attorney fees and costs in representing the Estate in the Campbell litigation, with the rights of reimbursement from the estate pursuant to a fee application presented to the Court by M&M pursuant to 11 U.S.C. §328, and the under the following specified conditions:

    a. The trial team will be Patrick Duffy and Eric Smith (for Modtech only) and Watt, Tieder, Hoffar & Fitzgerald, LLP's Michael Hutchins (for Liberty only);

    b. Liberty will pay M&M's regular published rates for work performed on or after the petition date, October 20, 2008, with a cap not to exceed $300 per hour;

    c. Liberty will pay M&M's expenses for expert witnesses, trial graphics and other reasonable costs as approved by Liberty;

    d. Before any recovery from the Campbell litigation is released to the Estate, any other creditor, or anybody else, Liberty shall first be reimbursed all of its fees and costs incurred in the Campbell litigation, including, but not limited to, those fees and costs paid to M&M and Watt, Tieder, Hoffar & Fitzgerald, LLP;

    e. Liberty reserves the right to settle the Campbell litigation, including Modtech's claims against Campbell and Liberty, and Campbell's claims against Modtech and Liberty, at any time for any price. If the Debtor or any creditor objects to the settlement, such objector must, within ten days, both (a) reimburse Liberty its fees and expenses incurred by Liberty in the Campbell litigation; and (b) provide adequate protection to Liberty in the form of cash collateral for Liberty's future litigation expenses and the penal sum of Liberty's performance bond on the Campbell project;

    f. Liberty reserves the right to stop paying M&M's fees and costs at any time, with or without cause, upon reasonable notice not less than seven days.

1     **4)    With respect to the Heritage litigation, the Estate shall pay M&M's attorney fees and costs, only from the proceeds of any recovery, in representing the Estate in the Heritage litigation. A fee application shall be submitted and approved by M&M prior to any disbursement for fees or costs from the Estate.**

    IT IS SO ORDERED.

Dated:_____

**THOMAS B. DONOVAN**
**UNITED STATES BANKRUTPCY JUDGE**

Order to Approve Application to Employee Special Counsel

4

# EXHIBIT "B"

SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel for Proposed Special Litigation Counsel
Monteleone & McCrory LLP for Modtech Holdings, Inc.,
Chapter 11 Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>**Modtech Holdings, Inc.,**<br><br>Debtor and Debtor in Possession. | Bk. No. **6:08-bk-24324-TD**<br><br>Chapter 11<br><br>**AMENDED ORDER APPROVING APPLICATION TO EMPLOY MONTELEONE & MCCRORY LLP AS SPECIAL LITIGATION COUNSEL FOR MODTECH HOLDINGS, INC.**<br><br>No Hearing Required<br>Local Bankruptcy Rule 9013-1(o) |

The Application filed on behalf of Modtech Holdings, Inc. Chapter 11 Debtor and Debtor in Possession (the "Debtor") for Authority to Employ Monteleone & McCrory LLP, pursuant to 11 U.S.C. §328, as Special Litigation Counsel (the "Application") in the above-captioned case was filed on January 23, 2009 in accordance with Local Bankruptcy Rule 9013-1(o), requesting that the Application be considered without a hearing.

By the Application, the Debtor requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the employment of Monteleone & McCrory LLP ("M&M") as Special Litigation Counsel pursuant to the Stipulation which is attached as **Exhibit "C"** to the Declaration of No-Opposition to the Application of Scott C. Clarkson (the "Clarkson

---
Amened Order to Approve Application to Employ Special Counsel
1

Declaration of No-Opposition"). M&M has also clarified that the employment is sought pursuant to 11 U.S.C. §328 and not §330.

The filed Declaration of Scott C. Clarkson attests that neither a response nor a request for hearing on the Motion has been filed or served on or before fifteen (15) days following service of the Application, but that informal negotiations and settlement have occurred altering the scope of M&M's representation of the estate and the compensation structure. The scope of representation and compensation structure, as modified, is set forth in the Stipulation that has been agreed to and executed by the Debtor, M&M, Laurus Master Fund, Ltd, and Liberty Mutual Insurance Company.

Having reviewed the Application the Stipulation, and finding that no response or hearing has been requested within fifteen (15) days of service of the Application, that the Stipulation sets forth the agreed-to scope and compensation of M&M, that no hearing is required, and for good cause shown, the Application is **APPROVED** under the following terms and conditions:

1) M&M is employed pursuant to 11 U.S.C. §328.

2) With respect to the litigation matters identified in the Application and Stipulation as the " JT Plastering" litigation, M&M is authorized to serve as Special Litigation Counsel to the Debtor under the following terms and conditions. M&M shall represent the Estate on a contingency fee basis and shall advance reasonably necessary costs required for that purpose. From any proceeds of the litigation, M&M will first be reimbursed for its costs and disbursements and will then receive as its contingent fee, one-third of the remaining proceeds with the balance being remitted to the Estate, without the necessity of filing a fee application. Except as to the contingency fee, the Estate will only be responsible for paying costs and expenses advanced and incurred in handling of the matter, including (but not limited to) filing fees, transcript and court reporter's fees, messenger and other delivery fees, process service fees, jury fees, witness fees, investigator's fees, expert's or consultant's fees, photocopies, travel costs, fax charges, computer-assisted legal research charges, and other similar items, to the extent monies are recovered by way of settlement or adjudication from the actions for which it has been

retained as special counsel.

3) With respect to the litigation matter identified in the Application and Stipulation as the "Campbell" litigation, M&M shall be engaged by the Estate to provide all legal services reasonably required to represent it in connection with that litigation. Liberty Mutual Insurance Company ("Liberty"), as Modtech's bonding company, has agreed to pay M&M's attorney fees and costs in representing the Estate in the Campbell litigation, with the rights of reimbursement from the estate pursuant to a fee application presented to the Court by M&M pursuant to 11 U.S.C. §328, and the under the following specified conditions:

    a. The trial team will be Patrick Duffy and Eric Smith (for Modtech only) and Watt, Tieder, Hoffar & Fitzgerald, LLP's Michael Hutchins (for Liberty only);

    b. Liberty will pay M&M's regular published rates for work performed on or after the petition date, October 20, 2008, with a cap not to exceed $300 per hour;

    c. Liberty will pay M&M's expenses for expert witnesses, trial graphics and other reasonable costs as approved by Liberty;

    d. Before any recovery from the Campbell litigation is released to the Estate, any other creditor, or anybody else, Liberty shall first be reimbursed all of its fees and costs incurred in the Campbell litigation, including, but not limited to, those fees and costs paid to M&M and Watt, Tieder, Hoffar & Fitzgerald, LLP;

    e. Liberty reserves the right to settle the Campbell litigation, including Modtech's claims against Campbell and Liberty, and Campbell's claims against Modtech and Liberty, at any time for any price. If the Debtor or any creditor objects to the settlement, such objector must, within ten days, both (a) reimburse Liberty its fees and expenses incurred by Liberty in the Campbell litigation; and (b) provide adequate protection to Liberty in the form of cash collateral for Liberty's future litigation expenses and the penal sum of Liberty's performance bond on the Campbell project;

    f. Liberty reserves the right to stop paying M&M's fees and costs at any time, with or without cause, upon reasonable notice not less than seven days.

4) With respect to the Heritage litigation, the Estate shall pay M&M's attorney fees and costs, only from the proceeds of any recovery, in representing the Estate in the Heritage litigation. A fee application shall be submitted and approved by M&M prior to any disbursement for fees or costs from the Estate.

**IT IS SO ORDERED.**

Dated:_____

_____
**THOMAS B. DONOVAN
UNITED STATES BANKRUTPCY JUDGE**

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **AMENDED ORDER APPROVING APPLICATION TO EMPLOY MONTELEONE & MCCRORY LLP AS SPECIAL LITIGATION COUNSEL FOR MODTECH HOLDINGS, INC.** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of , March 19, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☒ Service information continued on attached page

Amened Order to Approve Application to Employ Special Counsel

5

# Service list for Modtech Holding, Inc.

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**United States Trustee**

United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

**Counsel for the Debtor**

Marc J Winthrop    pj@winthropcouchot.com

Charles Liu    cliu@winthropcouchot.com

**Counsel for the Official Committee of Unsecured Creditors**

Richard A Marshack    rmarshack@shbllp.com

**Counsel for Laurus Masters Fund, Ltd., Valens U.S. SPV I LLC, and Valens Offshore SPV I Ltd.**

Jeffrey N Pomerantz    jpomerantz@pszjlaw.com

**TO BE SERVED BY THE LODGING PARTY**

**Counsel for Laurus Masters Fund, Ltd., Valens U.S. SPV I LLC, and Valens Offshore SPV I Ltd.**

Ira Kharash, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067

**Counsel for Liberty Mutual Insurance Co.**

Robert C. Niesley
Watt, Tieder, Hoffar & Fitzgerald, LLP
2040 Main Street, Suite 300
Irvine, CA 92614

Amened Order to Approve Application to Employ Special Counsel

6

| In re: | CHAPTER: 11 |
|---|---|
| MODTECH HOLDING, IN., Debtor(s). | CASE NUMBER: 6:08-bk-24324-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street, Suite 350
Torrance, CA 90803

The foregoing document described Declaration Re: Submission of Amended Order Containing Technical and Correcting Amendments will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 19, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On February 23, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 19, 2009 | Michelle Carpenter | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                   F 9013-3.1

| In re: | | CHAPTER: 11 |
|---|---|---|
| | MODTECH HOLDING, IN., | |
| | Debtor(s). | CASE NUMBER: 6:08-bk-24324-TD |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**Counsel for Debtor**
Charles Liu, Esq.
cliu@winthropcouchot.com

**Counsel for the Official Committee of Unsecured Creditors**
Richard A. Marshack, Esq.
rmarshack@shbllp.com

**U.S. Trustee**
Elizabeth A. Lossing, Esq.
elizabeth.lossing@usdoj.gov

**Counsel for Campbell School District**
Dean G. Rallis, Jr. , Esq.
dean.rallis@alston.com

Leib M. Lerner, Esq.
leib.lerner@alston.com

**Attorneys for Creditor**
Kirsten A. Roe, Esq.
kroe@wthf.com
dfunsch@wthf.com

**Counsel for Creditor Palos Verdes Peninsula, USD, Coachella Valley USD, Sierra Sands, USD**
Helen R. Frazer, Esq.
hfrazer@aalrr.com

**Counsel for NL Ventures V. Plant City, LP**
Andrea M. Valdez, Esq.
avaldez@fulbright.com

**Counsel for Creditor Liberty Mutual Insurance Company**
Lawrence Peitzman, Esq.
lpeitzman@pwkllp.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: MODTECH HOLDING, IN., Debtor(s). | CHAPTER: 11 CASE NUMBER: 6:08-bk-24324-TD |
|---|---|

### SERVED BY U.S. MAIL

**Counsel for NL Ventures V. Plant City, LP**
Michael M. Parker, Esq.
Fullbright & Jaworski LLP
300 Convent St., Suite 2200
San Antonio, TX 78205

**Attorneys for Creditor**
Marsha M. Hamasaki, Esq.
Reich, Adell & Cvitan
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010

**Counsel for Laurus Masters Fund., LTD, Valens U.S. SPV I LLC, and Valens Offshore SPV I LTD**
James Hunter, Esq.
Pachulski, Stang, Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067

**Counsel for Creditor Liberty Mutual Insurance Company**
J. Michael Franks, Esq.
Thomas T. Pennington, Esq.
Manier & Herod a Tennessee Professional Corporation
One Nashville Place, Suite 2200
Nashville, TN 37219

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1