**SCOTT C. CLARKSON, ESQ.** SBN 143271
**EVE A. MARSELLA, ESQ.** SBN 165797
**CLARKSON, GORE & MARSELLA**
**A PROFESSIONAL LAW CORPORATION**
**3424 Carson Street, Suite 350**
**Torrance, California 90503**
**(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Counsel for Proposed Special Litigation Counsel
Monteleone & McCrory LLP for Modtech Holdings, Inc.,
Chapter 11 Debtor and Debtor in Possession

FILED & ENTERED

MAR 25 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| **In re:** | Bk. No. 6:08-bk-24324-TD |
| | Chapter 11 |
| **Modtech Holdings, Inc.,** | |
| **Debtor and Debtor in Possession.** | **AMENDED ORDER APPROVING APPLICATION TO EMPLOY MONTELEONE & MCCRORY LLP AS SPECIAL LITIGATION COUNSEL FOR MODTECH HOLDINGS, INC.** |
| | No Hearing Required |
| | Local Bankruptcy Rule 9013-1(o) |

The Application filed on behalf of Modtech Holdings, Inc. Chapter 11 Debtor and Debtor in Possession (the "Debtor") for Authority to Employ Monteleone & McCrory LLP, pursuant to 11 U.S.C. §328, as Special Litigation Counsel (the "Application") in the above-captioned case was filed on January 23, 2009 in accordance with Local Bankruptcy Rule 9013-1(o), requesting that the Application be considered without a hearing.

By the Application, the Debtor requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the employment of Monteleone & McCrory LLP ("M&M") as Special Litigation Counsel pursuant to the Stipulation which is attached as **Exhibit "C"** to the Declaration of No-Opposition to the Application of Scott C. Clarkson (the "Clarkson

Declaration of No-Opposition"). M&M has also clarified that the employment is sought pursuant to 11 U.S.C. §328 and not §330.

The filed Declaration of Scott C. Clarkson attests that neither a response nor a request for hearing on the Motion has been filed or served on or before fifteen (15) days following service of the Application, but that informal negotiations and settlement have occurred altering the scope of M&M's representation of the estate and the compensation structure. The scope of representation and compensation structure, as modified, is set forth in the Stipulation that has been agreed to and executed by the Debtor, M&M, Laurus Master Fund, Ltd, and Liberty Mutual Insurance Company.

Having reviewed the Application the Stipulation, and finding that no response or hearing has been requested within fifteen (15) days of service of the Application, that the Stipulation sets forth the agreed-to scope and compensation of M&M, that no hearing is required, and for good cause shown, the Application is **APPROVED** under the following terms and conditions:

1) M&M is employed pursuant to 11 U.S.C. §328.

2) With respect to the litigation matters identified in the Application and Stipulation as the " JT Plastering" litigation, M&M is authorized to serve as Special Litigation Counsel to the Debtor under the following terms and conditions. M&M shall represent the Estate on a contingency fee basis and shall advance reasonably necessary costs required for that purpose. From any proceeds of the litigation, M&M will first be reimbursed for its costs and disbursements and will then receive as its contingent fee, one-third of the remaining proceeds with the balance being remitted to the Estate, without the necessity of filing a fee application. Except as to the contingency fee, the Estate will only be responsible for paying costs and expenses advanced and incurred in handling of the matter, including (but not limited to) filing fees, transcript and court reporter's fees, messenger and other delivery fees, process service fees, jury fees, witness fees, investigator's fees, expert's or consultant's fees, photocopies, travel costs, fax charges, computer-assisted legal research charges, and other similar items, to the extent monies are recovered by way of settlement or adjudication from the actions for which it has been

retained as special counsel.

3)    With respect to the litigation matter identified in the Application and Stipulation as the "Campbell" litigation, M&M shall be engaged by the Estate to provide all legal services reasonably required to represent it in connection with that litigation. Liberty Mutual Insurance Company ("Liberty"), as Modtech's bonding company, has agreed to pay M&M's attorney fees and costs in representing the Estate in the Campbell litigation, with the rights of reimbursement from the estate pursuant to a fee application presented to the Court by M&M pursuant to 11 U.S.C. §328, and the under the following specified conditions:

　　a.    The trial team will be Patrick Duffy and Eric Smith (for Modtech only) and Watt, Tieder, Hoffar & Fitzgerald, LLP's Michael Hutchins (for Liberty only);

　　b.    Liberty will pay M&M's regular published rates for work performed on or after the petition date, October 20, 2008, with a cap not to exceed $300 per hour;

　　c.    Liberty will pay M&M's expenses for expert witnesses, trial graphics and other reasonable costs as approved by Liberty;

　　d.    Before any recovery from the Campbell litigation is released to the Estate, any other creditor, or anybody else, Liberty shall first be reimbursed all of its fees and costs incurred in the Campbell litigation, including, but not limited to, those fees and costs paid to M&M and Watt, Tieder, Hoffar & Fitzgerald, LLP;

　　e.    Liberty reserves the right to settle the Campbell litigation, including Modtech's claims against Campbell and Liberty, and Campbell's claims against Modtech and Liberty, at any time for any price. If the Debtor or any creditor objects to the settlement, such objector must, within ten days, both (a) reimburse Liberty its fees and expenses incurred by Liberty in the Campbell litigation; and (b) provide adequate protection to Liberty in the form of cash collateral for Liberty's future litigation expenses and the penal sum of Liberty's performance bond on the Campbell project;

　　f.    Liberty reserves the right to stop paying M&M's fees and costs at any time, with or without cause, upon reasonable notice not less than seven days.

Amened Order to Approve Application to Employ Special Counsel

3

4)     With respect to the Heritage litigation, the Estate shall pay M&M's attorney fees and costs, only from the proceeds of any recovery, in representing the Estate in the Heritage litigation.  A fee application shall be submitted and approved by M&M prior to any disbursement for fees or costs from the Estate.

**IT IS SO ORDERED.**

### 

DATED: March 25, 2009

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify)* **AMENDED ORDER APPROVING APPLICATION TO EMPLOY MONTELEONE & MCCRORY LLP AS SPECIAL LITIGATION COUNSEL FOR MODTECH HOLDINGS, INC.** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of , March 19, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☒ Service information continued on attached page

Amened Order to Approve Application to Employ Special Counsel

5

**Service list for Modtech Holding, Inc.**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**United States Trustee**

United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

**Counsel for the Debtor**

Marc J Winthrop    pj@winthropcouchot.com

Charles Liu    cliu@winthropcouchot.com

**Counsel for the Official Committee of Unsecured Creditors**

Richard A Marshack    rmarshack@shbllp.com

**Counsel for Laurus Masters Fund, Ltd., Valens U.S. SPV I LLC, and Valens Offshore SPV I Ltd.**

Jeffrey N Pomerantz    jpomerantz@pszjlaw.com

**TO BE SERVED BY THE LODGING PARTY**

**Counsel for Laurus Masters Fund, Ltd., Valens U.S. SPV I LLC, and Valens Offshore SPV I Ltd.**

Ira Kharash, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067

**Counsel for Liberty Mutual Insurance Co.**

Robert C. Niesley
Watt, Tieder, Hoffar & Fitzgerald, LLP
2040 Main Street, Suite 300
Irvine, CA 92614