MARC J. WINTHROP – State Bar No. 63218
CHARLES LIU – State Bar No. 190513
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660
mwinthrop@winthropcouchot.com
cliu@winthropcouchot.com
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

FILED & ENTERED

JUN 10 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:08-24324 TD |
| MODTECH HOLDINGS, INC., a Delaware corporation, | Chapter 11 Proceeding |
| | Hearing Date:<br>DATE: May 28, 2009<br>TIME: 2:00 P.M. |
| | Live Hearing:<br>PLACE: Courtroom 1335<br>255 East Temple Street<br>Los Angeles, CA |
| Debtor and Debtor-in-Possession | Via Teleconference:<br>PLACE: Courtroom 303<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (D) APPROVING THE FORM AND MANNER OF NOTICE SERVED UPON CERTAIN PARTIES; AND (E) GRANTING RELATED RELIEF**

DOCS_LA:192021.3

Order#29226#42f41ea5-e0db-4499-aa73-85d9940a6a54.doc

Upon the motion (the "Motion") of the captioned debtor and debtor-in-possession (the "Debtor") for entry of an *Order (A) Approving Bid Procedures for The Debtor's Assets, (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, including Notice of Proposed Cure Amounts. Authorizing Debtor to Offer Certain Bid Protections; (D) Approving the Form and Manner of Notice Served upon Certain Parties; and (D) Granting Related Relief*;[1] and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(a); the Court having considered the Motion; and it appearing that the relief requested in the Motion, is in the best interests of the Debtor's bankruptcy estate, its creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A. Notice of the Motion was adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of 11 U.S.C. §§ 102 and 363, Rules 2002, 6004, 6006, and 9008 of the Federal Rules of Bankruptcy Procedure, and any other applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

B. The bid procedures attached hereto as Exhibit "A" (the "Bid Procedures") are reasonable and appropriate under the circumstances of this chapter 11 case. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

C. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

D. The stalking horse bid of the Purchaser provides the Debtor with the opportunity to sell their business on a "going concern" basis for the benefit of all parties. The Purchaser has provided a

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Motion or the Agreement (as defined below), as the case may be.

material benefit to the Debtor and its creditors by increasing the likelihood that the best possible price for the Assets will be received. The Bid Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

E. The Notice of Bidding Procedures, Auction Date and Sale Hearing substantially in the form attached hereto as Exhibit B (the "Bidding Procedures and Sale Notice"), the Auction and Hearing Notice (the "Creditor Notice"), substantially in the form attached hereto as Exhibit C, and the notice substantially in the form of Exhibit D hereto to be served on counterparties to the Assumed Executory Contracts ("Cure Notice"), each provide adequate notice concerning the proposed sale of the Assets and the proposed assumption and assignment of the Assumed Executory Contracts, as contemplated in the Agreement, that are the property of the Debtor, and is intended to provide due and adequate notice of the relief sought in the Sale Motion.

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth in this Bid Procedures Order.

2. The Bid Procedures as set forth on the attached Exhibit A are approved in their entirety, and are incorporated herein by reference.

3. The proposed sale of the Assets, the proposed assumption and assignment of the Assumed Executory Contracts, the Auction (as defined below) and the Sale Hearing shall be conducted in accordance with the provisions of this Bid Procedures Order and the Bid Procedures.

4. Immediately upon entry of this Bid Procedures Order, the Agreement shall be binding upon both parties thereto unless and until the Court approves a sale to a Successful Bidder other than the Purchaser, in which case the Agreement shall immediately terminate unless the Purchaser is a Backup Bidder under the Bid Procedures; provided that nothing herein is intended to override or modify the parties rights to terminate the Agreement pursuant to the terms thereof.

5. Pursuant to the Bid Procedures and subject to the Agreement, the Purchaser is authorized to bid the Lenders Debt in connection with the Sale and at the Auction (the "Credit Bid").

6. Within three (3) Business Days following entry of this Order, the Debtor shall serve by first class mail the Bidding Procedures and Sale Notice on (a) the U.S. Trustee;

(b) counsel to the official committee of unsecured creditors (the "Committee"); (c) all parties known to be asserting a lien on any of the Debtor's assets; (d) all known vendors, suppliers, customers, lenders, contract, license and lease counterparties; (e) all entities known to have expressed an interest in acquiring any of the Assets; (f) the United States Attorney's office; (g) all state attorney generals in states in which the Debtor does business; (h) various federal and state agencies and authorities asserting jurisdiction over the Assets, including the Internal Revenue Service; (i) the Purchaser and its counsel; and (j) all other parties that have filed a notice of appearance and demand for service of papers in the Debtor's chapter 11 case under Bankruptcy Rule 2002 as of the date of filing the Motion (the "Notice Parties").

7. Within three (3) Business Days following entry of this Order, the Debtor shall serve the Creditor Notice on all of its known creditors.

8. Within three (3) Business Days following entry of this Order, the Debtor shall file and serve the Cure Notice upon each counterparty (a "Counterparty") to an Assumed Executory Contract or to any other executory agreement or lease that the Debtor determines may be assumed by a Successful Bidder. Each Counterparty to an Assumed Executory Contracts or other executory contract or lease[2] must file and serve any objection to such Cure Cost and to the assumption and assignment of any Assumed Executory Contract or other executory contract or lease by the date that is fifteen (15) days after service of the Cure Notice.

9. Any Counterparty failing to timely file an objection to the Cure Amount set forth in the Cure Notice shall be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against the Debtor, its estate, and/or the Purchaser with respect to the Assumed Executory Contract to which it is a Counterparty, and will be deemed to consent to the amount of Cure Costs as set forth in the Cure Notice. Notwithstanding anything to the contrary, no executory contract

---

[2] The inclusion of any agreement as an Assumed Executory Contract, and any reference herein or in the Cure Notice to an Assumed Executory Contract or other agreement, document, instrument or relationship as an executory contract or lease does not constitute an admission by the Debtor that such actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtor expressly reserve the right to challenge the status of any agreement, document, instrument or relationship included as an Assumed Executory Contract or so referred to up until the time of the Sale Hearing

or unexpired lease will be assumed unless and until the occurrence of the Closing Date and in accordance with the terms of the Agreement, including, without limitation, that the Purchaser may remove any executory contract or lease from the list of Assumed Executory Contracts at any time prior to Closing under the Agreement.

10. If any Counterparty objects for any reason to the assumption and assignment of an Assumed Executory Contract or other executory contract or lease (other than with respect to the amount of Cure Costs, as set forth above), the Counterparty must file any such objection with the Court on or before six (6) days prior to the Sale Hearing, and serve such objection in accordance with the Auction and Hearing Notice so as to be received by such date and time by (a) counsel for the Debtor; (b) counsel for any official committee(s) appointed in the Debtor's case; (c) the United States Trustee; and (d) counsel for the Purchaser, with a courtesy copy to Chambers, failing which the Counterparty will deemed to consent to the proposed assumption and assignment to the Purchaser or other Successful Bidder of such Assumed Executory Contract to which it is a Counterparty.

11. Any other objections to the relief requested at the Sale Hearing or to the proposed form of order (the "Sale Order") shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court on or before on or before six (6) days prior to the Sale Hearing, and served in accordance with the Auction and Hearing Notice so as to be received by such date and time by (a) counsel for the Debtor; (b) counsel for any official committee(s) appointed in the Debtor's case; (c) the United States Trustee; and (d) counsel for the Purchaser, with a courtesy copy to Chambers.

12. Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtor's proposed Sale of the Assets, the contemplated assumption and assignment of each Assumed Executory Contract and the proposed amount of Cure Costs with respect to each such Assumed Executory Contract, and no additional notice of such contemplated transactions need be given.

13. If the Debtor receives more than one Qualified Bid (as defined in the Bid Procedures), an auction (the "Auction") will be held on June 22, 2009, at 10:00 A.M. (prevailing Pacific Time), at the offices of Winthrop Couchot Professional Corporation, 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660, or at any such other location as the Debtor may hereafter designate.

DOCS_LA:192021.3

1     14.     Counsel to the Debtor is authorized to hold and conduct the Auction in accordance with the Bid Procedures.

15.     The hearing regarding the acceptance of the Successful Bid(s) and Backup Bid(s) shall be held on July 2, 2009, at 9:00 A.M. (prevailing Pacific Time) (the "Sale Hearing") in the Courtroom of the Honorable Thomas Donovan, and, subject to the terms of the Agreement, may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

16.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Bid Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Bid Procedures Order.

17.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Bid Procedures Order.

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

####

DATED: June 10, 2009

_____
United States Bankruptcy Judge

DOCS_LA:192021.3

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: [**PROPOSED**] **ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (D) APPROVING THE FORM AND MANNER OF NOTICE SERVED UPON CERTAIN PARTIES; AND (E) GRANTING RELATED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 3, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 3, 2009 | Viann Corbin | /s/ *Viann Corbin* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-7-

DOCS_LA:192021.3

ADDITIONAL SERVICE LIST

- Peter C Califano    pcalifano@cwclaw.com
- Scott C Clarkson    sclarkson@lawcgm.com
- Helen R Frazer    hfrazer@aalrr.com
- Jeanne M Jorgensen    jjorgensen@pj-law.com
- J Michael Kelly    kellyjm@cooley.com
- Jennifer Leland    jleland@pwkllp.com
- Leib M Lerner    leib.lerner@alston.com
- Charles Liu    cliu@winthropcouchot.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Richard A Marshack    rmarshack@marshackhays.com, pkraus@marshackhays.com
- Frank F McGinn    ffm@bostonbusinesslaw.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Dean G Rallis Jr    dean.rallis@alston.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Kirsten A Roe    kroe@wthf.com, dfunsch@wthf.com
- Scott A Schiff    sas@soukup-schiff.com
- Yaron Shaham    yshaham@wolfewyman.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Andrea M Valdez    avaldez@fulbright.com
- Scott Williams    swilliams@manierherod.com, mfranks@manierherod.com;tpennington@manierherod.com
- Marc J Winthrop    pj@winthropcouchot.com
- Robert M Yaspan    tmenachian@yaspanthau.com, rmyaspanlaw@aol.com

-8-

DOCS_LA:192021.3

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the Court that a judgment or order entitled: **[PROPOSED] ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (D) APPROVING THE FORM AND MANNER OF NOTICE SERVED UPON CERTAIN PARTIES; AND (E) GRANTING RELATED** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the Court via NEF and hyperlink to the judgment or order. As of June 3, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

☒ Service information continued on next page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on next page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

☐ Service information continued on next page

-9-

DOCS_LA:192021.3

ADDITIONAL SERVICE INFORMATION (if needed):

- Peter C Califano     pcalifano@cwclaw.com
- Scott C Clarkson     sclarkson@lawcgm.com
- Helen R Frazer     hfrazer@aalrr.com
- Jeanne M Jorgensen     jjorgensen@pj-law.com
- J Michael Kelly     kellyjm@cooley.com
- Jennifer Leland     jleland@pwkllp.com
- Leib M Lerner     leib.lerner@alston.com
- Charles Liu     cliu@winthropcouchot.com
- Elizabeth A Lossing     elizabeth.lossing@usdoj.gov
- Richard A Marshack     rmarshack@marshackhays.com, pkraus@marshackhays.com
- Frank F McGinn     ffm@bostonbusinesslaw.com
- Lawrence Peitzman     lpeitzman@pwkllp.com
- Jeffrey N Pomerantz     jpomerantz@pszjlaw.com
- Dean G Rallis Jr     dean.rallis@alston.com
- Todd C. Ringstad     becky@ringstadlaw.com
- Kirsten A Roe     kroe@wthf.com, dfunsch@wthf.com
- Scott A Schiff     sas@soukup-schiff.com
- Yaron Shaham     yshaham@wolfewyman.com
- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
- Andrea M Valdez     avaldez@fulbright.com
- Scott Williams     swilliams@manierherod.com, mfranks@manierherod.com;tpennington@manierherod.com
- Marc J Winthrop     pj@winthropcouchot.com
- Robert M Yaspan     tmenachian@yaspanthau.com, rmyaspanlaw@aol.com

# CERTIFICATE OF NOTICE

The following entities were noticed by first class mail on Jun 12, 2009.
```
db          +Modtech Holdings, Inc.,   2830 Barrett Ave.,    Perris, CA 92571-3258
aty          Amy M Oakden,   23205 Sunnymead Blvd Ste 100,    PO Box 7599,   Moreno Valley, CA  92552-7599
aty         +Andrea M Valdez,   555 S Flower St Ste 4100,    Los Angeles, CA 90071-2417
aty         +Charles Liu,   Winthrop Couchot,   660 Newport Center Dr, 4th Flr,    Newport Beach, CA 92660-6401
aty         +Dean G Rallis Jr,   Alston & Bird LLP,   333 S Hope St 16th Fl,    Los Angeles, CA 90071-1410
aty         +Elizabeth A Lossing,   3685 Main St Ste 300,    Riverside, CA 92501-2804
aty         +Frank F McGinn,   Bartlett Hackett Feinberg PC,   155 Federal St 9th Flr,    Boston, MA 02110-1610
aty         +Helen R Frazer,   Atkinson Andelson Loya Ruud & Romo,   17871 Park Plaza Dr Ste 200,
               Cerritos, CA 90703-8597
aty         +J Michael Kelly,   101 Califonia St 5th Fl,    San Francisco, CA 94111-5800
aty         +James K T Hunter,   10100 Santa Monica Blvd, Suite 1100,    Los Angeles, CA 90067-4111
aty         +Jeanne M Jorgensen,   5160 Campus Dr,    Newport Beach, CA 92660-2101
aty         +Jeffrey N Pomerantz,   10100 Santa Monica Blvd #1100,    Los Angeles, CA 90067-4111
aty         +Kirsten A Roe,   2040 Main St Ste 300,    Irvine, CA 92614-7291
aty         +Lawrence Peitzman,   Peitzman Weg & Kempinsky LLP,   10100 Santa Monica Blvd Ste 1450,
               Los Angeles, CA 90067-4115
aty         +Leib M Lerner,   Alston & Bird LLP,   333 S Hope St 16th Fl,    Los Angeles, CA 90071-1410
aty         +Marc J Winthrop,   660 Newport Center Dr Ste 400,    Newport Beach, CA 92660-6427
aty         +Margaret Kathryn Maas,   110 Avenida Serra,    San Clemente, CA 92672-4759
aty         +Peter C Califano,   201 California St 17th Fl,    San Francisco, CA 94111-5019
aty          Richard A Marshack,   Marshack Hays LLP.,   5410 Trabuco Rd Ste 130,    Irvine, CA  92620-5749
aty         +Robert M Yaspan,   Law Offices of Robert M Yaspan,   21700 Oxnard St Ste 1750,
               Woodland Hills, CA 91367-7593
aty         +Scott A Schiff,   1880 Century Pk E Ste 1108,    Los Angeles, CA 90067-1608
aty         +Scott C Clarkson,   3424 Carson St Ste 350,    Torrance, CA 90503-5716
aty         +Scott Williams,   150 4th Ave N,   Ste 2200,    Nashville, TN 37219-2494
aty         +Todd C. Ringstad,   2030 Main St #1200,    Irvine, CA 92614-7256
aty         +Vanessa Ruggles,   The Gomez Law Firm,   625 Broadway Ste 1200,    San Diego, CA 92101-5419
aty         +Yaron Shaham,   5 Park Plaza Ste 1100,    Irvine, CA 92614-8502
ust         +United States Trustee (RS),   3685 Main Street, Suite 300,    Riverside, CA 92501-2804
cr          +Atkinson Andelson Loya Ruud & Romo,   Atkinson Andelson Loya Ruud & Romo,
               17871 Park Plaza Drive,    Cerritos, CA 90703-8597
cr          +Campbell Union School District,   Alston & Bird LLP,   333 S. Hope Street,   16th floor,
               Los Angeles, CA 90071-1410
cr          +Contractor Compliance And Monitoring Inc,   635 Mariners Island Blvd Ste 200,
               San Mateo, CA 94404-1060
cr          +Cooley Godward Kronish LLP,   101 California Street,   5th Floor,   San Francisco, CA 94111-3580
cr          +Johannessen Trading Company,   Yaron Shaham, Esq.,   Wolfe & Wyman LLP,   5 Park Plaza,
               Suite 1100,   Irvine, CA 92614-8502
cr          +Laurus Master Fund, Ltd.,   10100 Santa Monica Blvd.,   1100,   Los Angeles, CA 90067-4111
intp        +Madeleine C. Wanslee,   Gust Rosenfeld PLC,   201 E. Washington, NO. 800,
               Phoenix, AZ 85004-2327
cr          +Michelle Kaufman Homes, Inc.,   c/o Cooper, White & Cooper LLP,   Attn: Peter C. Califano, Esq.,
               201 California Street, 17th Floor,   San Francisco, CA 94111-5019
intp         Monteleone & Mccrory Llp,   725 S Figueroa Street Suite 3750,   Los Angeles, CA  90017-5402
cr          +Palos Verdes Peninsula USD,   Atkinson, Andelson, Loya, Ruud & Romo,   17871 Park Plaza Drive,
               Cerritos, CA 90703-8597
cr          +Salinas Union High School District,   Alston & Bird LLP,   333 S. Hope Street,
               Los Angeles, ca 90071-1406
intp        +Scott A. Schiff,   Soukup & Schiff, LLP,   1801 Century Park East, Suite 470,
               Los Angeles, CA 90067-2306
intp        +The Rosenfield Family Trust,   Law Offices of Robert M. Yaspan,   21700 Oxnard Street, Suite 1750,
               Woodland Hills, CA 91367-7593
```

The following entities were noticed by electronic transmission.
```
NONE.                                                                                       TOTAL: 0
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Cal Mira Mesa, LTD
cr           Chino Valley Unified School District
crcm         Committee Of Unsecured Creditors
cr           Construction Laborers Trust Funds for Southern Cal,   Marsha H. Hamasaki
intp         Courtesy NEF
cr           EDGE Development, Inc.
cr           LIBERTY MUTUAL INSURANCE COMPANY
cr           Lindsey McCarthy
cr           Maricopa County Treasurer
sp           Monteleone McCrory
cr           NL Ventures V Plant City, LP
intp         Pacific Continental Modular Enterprises
intp         Silver Creek Industries Inc.
cr           TNT Construction Services
sp*          Monteleone & Mccrory Llp,   725 S Figueroa Street Suite 3750,   Los Angeles, CA  90017-5402
                                                                                 TOTALS: 14, * 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 12, 2009**                        **Signature:**             *Joseph Speetjens*