MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
CHARLES LIU – State Bar No. 190513
cliu@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660

Telephone:  (949) 720-4100
Facsimile:   (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

FILED & ENTERED

SEP 03 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

In re:

MODTECH HOLDINGS, INC.,
a Delaware corporation,

Debtor and Debtor-in-Possession

Case No. 6:08-24324 TD

Chapter 11 Proceeding

**ORDER ON DEBTOR'S MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTOR'S ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. SECTION 363; (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND (3) AUTHORIZING THE REJECTION OF THE DEBTOR'S INTERESTS, IF ANY, IN CERTAIN EXECUTORY CONTRACTS**

Date:        September 3, 2009
Time:       10:00 a.m.
**Live Hearing:**
  PLACE: Courtroom 1345
             255 East Temple Street
             Los Angeles, CA
**Via Teleconference:**
  PLACE:  Courtroom 303
             3420 Twelfth Street
             Riverside, CA 92501

Order#38002#f169056b-f894-438e-8891-2b8f7d611390.doc

1  The hearing on the Debtor's Motion for Order (1) Approving the Sale of the Debtor's Assets of
2  the Estate Free and Clear of Liens, Claims, and Interests pursuant to 11 U.S.C. Section 363; (2)
3  Authorizing the Assumption and Assignment of Certain Executory Contracts, and (3) Authorizing the
4  Rejection of the Debtor's Interests, if any, in Certain Executory Contracts (the "Motion") filed by
5  Modtech Holdings, Inc., a Delaware corporation, the debtor and debtor-in-possession in the above
6  entitled Chapter 11 proceeding (the "Debtor"), was held on September 3, 2009 at 10:00 a.m. before the
7  Honorable Thomas Donovan, United States Bankruptcy Judge. Marc Winthrop of Winthrop Couchot
8  Professional Corporation appeared on behalf of the Debtor. All other appearances were as noted on the
9  record.

The Court having read and considered the Motion, the declaration of Dennis Shogren, the oppositions filed by various parties, and other evidence filed in support of the Motion, the papers, pleadings and other documents on file in this Chapter 11 case, and the Court having heard the representations and arguments of counsel, and after due deliberation thereon; and good cause appearing therefore;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.  Venue is proper pursuant to 28 U.S.C. §§ 157(b) and 1409(a).

C.  The Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157.

D.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 363 and 365 and Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure.

E.  Proper, timely, adequate and sufficient notice of the Motion, this hearing and the proposed sale has been provided in accordance with 11 U.S.C. §§ 102(1), 363, and 365 and Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure, and no other or further notice of the Motion, this hearing or the sale is required or necessary under the circumstances.

F.  The Debtor has exercised sound and proper business judgment in determining to sell substantially all of its assets except for the Debtor's personal property located in Arizona and the insurance settlement related to the Debtor's former Arizona facility (the "Assets") to Laurus Master Fund, Ltd., a Cayman Islands company (In Liquidation) ("LMF"), Valens Offshore SPV I, Ltd., a Cayman Islands company ("VOFSPVI") and Valens U.S. SPV I, LLC, a Delaware limited liability company ("Valens US" and together with LMF, VOFSPVI, Valens US, and with their respective successors, assigns, and designees, collectively, the "Purchaser" or "Laurus"), pursuant to the Asset Purchase Agreement between the Debtor and the Purchaser (the "Agreement") attached to the Motion, as further modified by the Amendment to the Agreement (the "Amendment") and revised Schedules, a true and correct copy of which Amendment and revised Schedules are attached as Exhibits to Docket Number 357. To the extent that any of the Debtor's property that is subject to Laurus' security interests is not transferred to the Purchaser, Laurus shall retain its security interest in such property.

G.  The bidding procedures approved by the Court (the "Bidding Procedures") were fair and reasonable and afforded a full, fair and reasonable opportunity for any entity to make a higher and better offer to purchase the Assets.

H.  The Debtor did not receive an Initial Overbid[1] at or prior to the Bid Deadline; hence, the Auction was not held and the hearing on the Motion proceeded with respect to the Agreement, resulting in Purchaser being the successful bidder on the Assets pursuant to its credit bid.

I.  The Court determines that Purchaser has provided the highest and best offer for the sale of the Assets and is the successful bidder for the Assets.

J.  The Debtor has full power and authority to execute and deliver the Agreement and all other documents contemplated thereby to effect the sale approved by this Order, and to perform the transactions contemplated thereby; no other consents or approvals, other than those expressly provided for in the Motion and herein are required for the Debtor to consummate the sale of the Assets.

---

[1] Capitalized terms used herein shall have the meaning ascribed to such terms in the Motion and/or Agreement.

K.  Purchaser is not a mere continuation of the Debtor, nor is there any substantial continuity between Purchaser and the Debtor, and purchaser does not constitute a successor to the Debtor, nor does the sale amount to a consolidation or de facto merger.

L.  The Debtor has good and marketable title to its Assets, and, accordingly, the transfer of the Assets to Purchaser pursuant to the Agreement and 11 U.S.C. §§ 363 and 365 shall be a legal, valid and effective transfer of the Assets and legal title thereto, free and clear of all claims, liens, charges, interest, encumbrances, or liabilities of any kind, including successor liabilities, and any adverse claims (the "Liens and Encumbrances").

M.  The Debtor and Purchaser have exercised good faith within the meaning of 11 U.S.C. § 363(m) in connection with the negotiation, execution, delivery, and consummation of the sale of the Assets, and the transactions contemplated therein, and all such negotiations and transactions have been conducted at arm's length.  The Debtor and Purchaser are not affiliates of each other and the sale of the Assets does not create a joint venture between such parties.

N.  The consideration to be paid by Purchaser pursuant to the Agreement constitutes is at least equal to the fair value of the Assets, and the terms and conditions of the Agreement are fair and reasonable.

O.  The Debtor has satisfactorily provided, pursuant to 11 U.S.C. § 365(b)(1), sufficient evidence of: (i) its ability and willingness to promptly cure its defaults under certain unexpired leases and executory contracts set forth in the Exhibit filed as part of Docket Number 292, which the Debtor will assume and assign to Purchaser (the "Assumed Executory Contracts and Unexpired Leases"); and (ii) Purchaser has provided adequate assurance of future performance by Purchaser with respect to such Assumed Executory Contracts and Unexpired Leases.

P.  The amounts that the Debtor believes are necessary to cure the defaults of the Assumed Executory Contracts and Unexpired Leases, as set forth in the Exhibit (the "Cure Amounts") filed as part of Docket Number 292, are the sole amounts necessary to pay all Cure Amounts.

Q.  Laurus, as a secured creditor, has consented to the subject sale, and other holders of any Liens and Encumbrances, if any, in the Assets have either consented to the sale of the Assets to

Order#38002#f169056b-f894-438e-8891-2b8f7d611390.doc

Purchaser, such interests are liens and the Purchase Price for the Assets exceeds the value of such liens, or there is a bona fide dispute with respect to such liens.

R.  Good cause exists to grant all relief provided herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted in all respects as provided herein;

2. The Debtor is authorized to sell the Assets to Purchaser in an amount equal to the Purchase Price, and on the terms set forth in this Order and the Agreement;

3. The Debtor is authorized to sell the Assets to Purchaser, and the sale of such Assets as set forth herein shall be, free and clear of all claims against the estate, Liens and Encumbrances, if any, pursuant to 11 U.S.C. § 363(f);

4. The Debtor and Purchaser are each entitled to the protections afforded by 11 U.S.C. §363(m) with respect to the sale of the Assets and all transactions approved in this Order;

5. The sale of the Assets may not be avoided pursuant to 11 U.S.C. § 363(n) or otherwise;

6. Subject to the satisfaction of the conditions set forth in the Agreement or waiver thereof by the Party entitled to waive that condition, the closing of the sale of the Assets (the "Closing") shall take place as set forth in the Agreement after the Sale Order becomes a Final Order no longer subject to appeal or reconsideration; provided that Purchaser may decide, in its sole and absolute discretion, to proceed with the Closing prior to the Sale Order becoming a Final Order.  The date on which the Closing shall be held is referred to in this Order as the "Closing Date;"

7. At the closing, the Debtor is authorized and directed to sell, assign, transfer, convey and deliver all of the Debtor's right, title and interest in, to and under the Assets to Purchaser;

8. The Debtor is authorized and directed to execute and deliver, and empowered to fully perform under, consummate and implement, this Order, the Agreement, and all documents required by the Agreement to be delivered at the Closing or thereafter;

9. The Debtor is authorized to assume and assign the Assumed Executory Contracts and Unexpired Leases, pursuant to 11 U.S.C. § 365, to Purchaser;

Order#38002#f169056b-f894-438e-8891-2b8f7d611390.doc

10. The Purchaser shall pay the Cure Amounts to cure any and all defaults of all Assumed Executory Contracts and Unexpired Leases;

11. The ten (10) day stay of order provided in Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure is hereby waived;

12. This Court retains jurisdiction to (i) enforce and implement the terms and provisions of the Agreement, (ii) resolve any disputes arising under or related to the Agreement, (iii) resolve any disputes relating to the Cure Amounts; and (iv) interpret, implement and enforce the provisions of this Order;

13. Nothing contained in any plan of reorganization (or liquidation) confirmed in these cases or the order of confirmation confirming any plan of reorganization (or liquidation) shall conflict with or derogate from the provisions of the Agreement or the terms of this Order;

14. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization for the Debtor or converting the Debtor's cases from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code;

15. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, and Purchaser, and their successors and assigns. The Debtor and Purchaser shall be entitled to enforce the terms and provisions of this Order;

16. Findings of fact contained herein shall be construed as conclusions of law and conclusions of law contained herein shall be construed as findings of fact when appropriate. See, Fed. R. Bankr. P. 7052;

17. No further notice or Court appearance shall be necessary to effectuate the foregoing; and

18. Counsel for the Debtor shall give notice of entry of this Order.

19. Assuming that Modtech Holdings, Inc. and Design Space Modular Buildings, Inc. fulfill all conditions precedent required by the City of Pasadena, Modtech Holdings, Inc., Design Space Modular Buildings, Inc. and the City of Pasadena agree to the following with respect to Purchase Order Contract Number 42997 dated July 21, 2009 ("Purchase Order Contract") entered into between Modtech Holdings, Inc. and the City of Pasadena:

Order#38002#f169056b-f894-438e-8891-2b8f7d611390.doc

    (1) Modtech Holdings, Inc. will timely perform the Purchase Order Contract for the Project;

    (2) The Purchase Order Contract between Modtech Holdings, Inc. and City of Pasadena cannot be assigned to Design Space Modular Buildings, Inc. until the City of Pasadena approves said assignment in writing; the approval of said assignment by the City of Pasadena is within the sole discretion of the City of Pasadena.

  20. The sale approved by this Order does not include the assignment of any claims for relief arising under Chapter 5 of Title 11 of the United States Code.

  21. The sale and purchase of the estate's claims in the Modtech/Campbell Union litigation case is without prejudice, and remains subject, to the rights and interests of non-debtor parties in such litigation including, without limitation, rights of setoff, affirmative defenses and claims against third party insurers or others.

  22. Creditor Monteleone & McCrory, LLP ("M&M"), has submitted a limited objection to the Sale Motion (the "M&M Objection") with respect only to certain funds specifically identified in the M&M Objection that are presently being held, or shall be recovered, by Debtor constituting litigation settlement proceeds upon which M&M claims to hold a senior security interest (the "M&M Litigation Proceeds"). In accordance with currently operative stipulations and orders of this Court compelling all M&M Litigation Proceeds to be collected and maintained in a segregated Debtor in Possession account, the Parties have agreed that there remains an outstanding issue of the validity, priority, extent and amount of the M&M lien (if any) on the M&M Litigation Proceeds. Thus, any transfer of interest in the

///

///

M&M Litigation Proceeds pursuant to this Sale is subject to, and contingent upon, the final determination of the validity, priority, extent and amount of M&M's lien and claim and further order of the Court.  Until such time, all M&M Litigation Proceeds shall be collected and maintained in a segregated Debtor in Possession account in accordance with previous orders of the Court or in a trust account to be agreed to by both M&M and Laurus, and not be transferred to Purchaser at this time.

####

DATED: September 3, 2009

_____
United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER ON DEBTOR'S MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTOR'S ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. SECTION 363; (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND (3) AUTHORIZING THE REJECTION OF THE DEBTOR'S INTERESTS, IF ANY, IN CERTAIN EXECUTORY CONTRACTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 2, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

ikharasch@pszjlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 2, 2009 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the Court that a judgment or order entitled: **ORDER ON DEBTOR'S MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTOR'S ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. SECTION 363; (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND (3) AUTHORIZING THE REJECTION OF THE DEBTOR'S INTERESTS, IF ANY, IN CERTAIN EXECUTORY CONTRACTS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the Court via NEF and hyperlink to the judgment or order. As of September 2, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

☒ Service information continued on next page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on next page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

☐ Service information continued on next page

ADDITIONAL SERVICE INFORMATION (if needed):

NEF SERVICE LIST

- Peter C Califano    pcalifano@cwclaw.com
- Scott C Clarkson    sclarkson@lawcgm.com
- Christine M Fitzgerald    cfitzgerald@lawcgm.com
- Helen R Frazer    hfrazer@aalrr.com
- D Edward Hays    ehays@marshackhays.com
- James K T Hunter    jhunter@pszyjw.com
- Jeanne M Jorgensen    jjorgensen@pj-law.com, esorensen@pj-law.com
- J Michael Kelly    kellyjm@cooley.com
- Jennifer Leland    jleland@pwkllp.com
- Leib M Lerner    leib.lerner@alston.com
- Charles Liu    cliu@winthropcouchot.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Eve A Marsella    emarsella@lawcgm.com
- Richard A Marshack    rmarshack@marshackhays.com, lbergini@marshackhays.com
- Frank F McGinn    ffm@bostonbusinesslaw.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Kirsten A Roe    kroe@wthf.com, dfunsch@wthf.com
- Mary K Ross    kross@wthf.com
- Scott A Schiff    sas@soukup-schiff.com
- Yaron Shaham    yshaham@wolfewyman.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Andrea M Valdez    avaldez@fulbright.com
- Scott Williams    swilliams@manierherod.com, mfranks@manierherod.com;tpennington@manierherod.com
- Marc J Winthrop    pj@winthropcouchot.com
- Robert M Yaspan    ryaspan@yaspanlaw.com, tmenachian@yaspanlaw.com